Reese, J.
delivered the opinion of the court.
The defendant was presented by the grand jury of Obion county, in the. Circuit Court thereof, for an assault and battery. The presentment did not alledge that • the assault and battery were committed during the term of the Circuit Court. A mo *598 tion was made on behalf of the defendant to quash the presentment, and the motion was sustained by the Circuit Court, and the presentment was quashed.
This was done, probably, because, before the organizing-acts of 1835-6, the Circuit Court had no jurisdiction over that offence, unless committed at the place, and during the time of holding a Circuit Court; and because the said acts transferring from the County to the Circuit Courts the jurisdiction of -the former, did not at all enlarge in that respect, so far as punishment was concerned, the jurisdiction of the Circuit Courts; for the act of 1825, ch. 14, sec. 2, provided, “that it should not be lawful for grand juries in the County Courts of this State, to make presentments against any person or persons, for any assault and battery, or for any affray, unless the same be committed in their presence, during the term of the court.” But the Circuit Court in this case probably overlooked the 4th section of the act of 1842, ch. 141, which provides, “that all violations of the penal laws may be prosecuted- by indictment or presentment of a grand jury, and in case of a prosecution upon presentment, it may be made on the information of any one of the grand jury.”
This general provision is inconsistent with, and repeals the act of 1825, and gives to the Circuit Court jurisdiction, by presentment or indictment, of the offences of assault and battery, and affray, as was possessed by the County Court before the passage of the act of 1825, ch. 3 4.
This conclusion is, we think, free from all doubt, and it is grateful to reflect, that the good sense, right feeling and love of order on the part of the legislature, were so far in the ascendant, as to induce them to restore to the grand inquest of the county their salutary superintendence over a class of offences, which are often of enormous magnitude; and the licensed impunity of which was alike fatal to the peace and quiet, and disgraceful to the social character of the community.
The judgment of the Circuit Court will be reversed, and the case remanded for further proceedings.